## Lieberman Estate

*Howard M. Louik*, for petitioner.

*Robert S. Englesberg*, Deputy Attorney General.

OPINION BY SCHWARTZ, J., JUNE 11, 1980:

Morris Lieberman, executor of the estate of Mildred Lieberman, deceased, has petitioned the court to renounce the distributive share of certain real estate devised to Mildred Lieberman, during her lifetime, by her mother, Bessie Rose Simon Lieberman.

The pertinent facts are not in dispute. Bessie Rose Simon Lieberman died on July 21, 1979 leaving a last will and testament dated May 31, 1975, wherein she specifically devised four houses located in the City of Pittsburgh and a one-fifth interest in real estate in Cheswick, Pennsylvania pursuant to the residuary clause, to her daughter, Mildred Lieberman. On September 6, 1979, Mildred Lieberman applied for letters testamentary on her mother's estate. Said letters were not granted for reasons not relevant hereto. On December 26,

1979, Mildred Lieberman died and by her last will and testament, appointed Morris L. Lieberman executor of her estate. Letters testamentary were granted unto him on January 22, 1980. An inventory was filed on June 30, 1980 which included the subject property. On April 15, 1981, Morris Lieberman, as executor, filed the within petition seeking renunciation of the real estate devised to Mildred Lieberman by her mother.

There are two issues before the court:

1. May a person validly renounce an interest in a distributive share of an estate one year and nine months following the death of the testator; and

2. May a personal representative exercise a right of renunciation following the death of the devisee? In view of the result we shall reach, we need not address the second issue.

The petitioner and the Commonwealth of Pennsylvania agree that Mildred Lieberman never exercised any control or took possession of the real estate and received no income, enjoyment or benefit therefrom.

72 P.S. Section 2485-406 provides:

"When any person entitled to a distributive share of an estate, whether under an inter vivos trust, a will, or the intestate law, renounces his right to receive the distributive share within three (3) months after the grant of letters, or within nine (9) months after the death of the decedent, whichever first occurs, receiving therefor no consideration, the tax shall be computed as though the persons who benefit by such renunciation were originally designated to be the distributees, conditioned upon an adjudication or decree of distribution expressly confirming distribution to such distributees. Notice of the filing of the account and of its call for audit or confirmation shall include notice to the Department of Revenue. When an unconditional vesting of a future interest does not occur at the decedent's death, the renunciation specified herein of the future interest may be made within three (3) months after the occurrence of the event or contingency which resolves the vesting of such interest in possession and enjoyment."

The above quoted section represents a 1971 amendment of an Act originally enacted on June 15, 1961 and amended in 1965. The substantive change from the original Act required renunciation within nine months after the death of the decedent instead of one year.

The petitioner has cited *Bute's Est.*, 335 Pa 170, as authority for his position that the renunciation is valid. In

*Bute's Estate*, supra, the court permitted a renunciation exercised more than one year after the death of the testator, stating that the only time limitation for exercising said renunciation is that it be accomplished within a reasonable period of time. Since *Bute's Estate*, however, decided in 1946, the legislature in 1961 enacted 72 P.S. §2485-406, quoted above, placing specific time limits upon the exercise of a renunciation. Section 2485-406 requires that the renunciation take effect within either three months of the grant of letters or nine months after the death of the decedent, *whichever first occurs*. While *Bute's Estate*, supra, permitted the renunciation more than one year after the death of the testator, the legislature altered the existing law.

Clearly, the legislature has such authority:

> "*Stare decisis* simply declares that, for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different. *Heisler v. Thomas Colliery Co.*, 274 Pa 448, 452, 118 A 394. Mr. Justice Horace Stern said in *Commonwealth v. Wucherer*, 351 Pa 305, at 308, 41 A 2d 574: 'Even were it deemed a doctrine which should no longer prevail, certainly, in the face of so venerable a history, the remedy should be sought, not in the Courts, but in the Legislature; the function of the former (at least where principles have become firmly imbedded in the warp and woof of judicial interpretation) being to declare what the law is, and that of the Legislature to change existing law by statutory fiat'; and in *Davis v. Pennsylvania Co.*, etc., 337 Pa 456, at 464, 12 A 2d 66: 'An interpretation of law consistently followed by an appellate court over so long a period that it has become fundamentally imbedded in the common law of the Commonwealth should not be changed except through Legislative enactment, which is a remedy always available and the proper one under our scheme of government.'" *Burtt Will*, 353 Pa 217, 44 A 2d 670 (1945).

As a result, 72 P.S. 2485-406 applies to the instant case.

No letters were ever granted on the estate of Bessie Rose Simon Lieberman. The relevant date therefore, is nine months after her death on July 21, 1979. Thus, any renunciation would have had to take place not later than April 21, 1980, almost one year prior to the petition for renunciation filed in this case.

It is contended by the petitioner that the death of Mildred Lieberman approximately five months after the death of her

mother, alters the time for renouncing a distributive share. We need not decide that issue because even if the time started anew following the death of Mildred Lieberman, on December 26, 1979, the renunciation period would have expired not later than September 26, 1980, nine months thereafter, almost four months prior to the petition filed herein.

Accordingly, the petition of the executor of the estate of Mildred Lieberman for the renunciation of the interest in real estate passing to Mildred Lieberman from her mother, Bessie Rose Simon Lieberman, must be denied.